CORNELIUS CASEY *vs.* ROBERT P. WIGGIN.

Money paid by a married woman before the *St.* of 1855, *c.* 304, upon a bond to convey land to her, is *prima facie* her husband's property, and may be recovered back by him, on offering to surrender the bond.

ACTION OF CONTRACT for money had and received. The case was submitted to the superior court of Suffolk on the following facts:

On the 20th of January 1855, the defendant executed to " Mary Casey, wife of Cornelius Casey," a deed for the conveyance of certain land in East Boston to her upon the payment by

her of certain sums of money; and at the same time received from her the first instalment of such purchase money, (which was the money now sue. for,) and gave her a receipt therefor. Said money was in fact taken by the wife from a savings bank in Boston, where it had been deposited by her in her own name. The plaintiff was at that time serving out a sentence in the house of correction, and was ignorant of the transaction between his wife and the defendant, and never received the bond, which was left for record by his wife in the Suffolk registry. The plaintiff's wife, during the negotiations for the estate, and at the time of payment, always declared to the defendant that the money was her own. She has since declared that it was her husband's, left in her hands by him. Neither the plaintiff nor his wife has had possession of the estate. The plaintiff, on the 7th of February 1855, gave notice to the defendant that he disaffirmed the transaction, and that the bond had never been delivered to him, but might be found and received by the defendant at the registry of deeds; and demanded of the defendant the money paid to him by the plaintiff's wife as aforesaid. The defendant refused to comply with this demand, and therefor this action was brought.

The superior court gave judgment for the plaintiff, and the defendant appealed.

*J. W. Browne*, for the plaintiff.

*G. H. Kingsbury*, for the defendant. If a man allows his wife to keep money deposits at a bank, in her own name, and under her sole control, such money belongs to her, and she will hold it, if she survives him. *Fisk* v. *Cushman*, 6 Cush. 23. *Ames* v. *Chew*, 5 Met. 323. *Phelps* v. *Phelps*, 20 Pick. 556. Her receipt therefor discharges the bank. *St.* 1846, *c.* 209. Even if the plaintiff's wife had not her husband's consent to dispose of the money deposited by her, yet if the defendant, not knowing that she had no right to dispose of it, gave her a valuable consideration for it, the plaintiff cannot recover it. *Burnham* v. *Holt*, 14 N. H. 367. *Messenger* v. *Clarke*, 5 Exch. 394. *Clarke* v. *Shee*, Cowp. 200. *Lime Rock Bank* v. *Plympton*, 17 Pick. 161 The bond given to the plaintiff's wife was a valuable consid

eration, and the husband's dissent could not invalidate the bond, nor was his assent requisite to give it validity. He has no legal interest in it. If he had died without assenting or dissenting, his wife could have enforced it.

SHAW, C. J. The judgment of the superior court, in favor of the plaintiff, brought before this court by appeal, on the facts agreed, must be affirmed. The defendant knew that the person who paid him the money was a married woman, and wife of the plaintiff. It is so recited in his bond. The money paid to him by the plaintiff's wife, as the law then stood, was *prima facie* the plaintiff's money; and being bound to know the law, it must be assumed that the defendant knew it. The defendant acted on the belief that the wife had the authority of the husband for what she did; had that been so, he would have been safe, but on the proof the fact was otherwise. We cannot distinguish it from the recent cases of *Ames* v. *Chew*, 5 Met. 320, and *Commonwealth* v. *Davis*, 9 Cush. 283. The transaction having occurred before the *St.* of 1855, *c.* 304, it is not affected by the provisions of that act. *Judgment for the plaintiff.*